991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mark D. DEMOSS, Petitioner-Appellant,
v.
Ron CHAMPION; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 92-6366.
 United States Court of Appeals, Tenth Circuit.
 April 14, 1993.
 
 Before SEYMOUR, ANDERSON and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mark David DeMoss, a state prisoner appearing pro se, brought this petition for habeas corpus relief under 28 U.S.C. § 2254 (1988), alleging that he has been denied a timely direct appeal of his state court convictions and seeking to have his case treated under Harris v. Champion, 938 F.2d 1062 (10th Cir.1991).[1] The action was referred to a magistrate judge, who issued a report and recommendation concluding that the instant situation does not fall under the circumstances present in Harris, and recommending that the petition be dismissed for failure to exhaust state court remedies. The district court agreed that this case is not appropriate for consolidation with the Harris cases and that therefore exhaustion should not be excused. Accordingly, the court dismissed the petition without prejudice. We grant DeMoss' motions for a certificate of probable cause and to proceed in forma pauperis, and we affirm.
 
 
 3
 In his federal habeas petition, DeMoss raises only his failure to obtain a timely direct appeal and does not assert any other constitutional defects regarding his state court convictions. The facts underlying his claim are as follows. DeMoss was sentenced on his state court convictions on October 17, 1991, and filed a timely notice of intent to appeal on October 22, 1991. On October 24, DeMoss filed a timely designation of record for appeal. These motions were apparently filed by DeMoss' trial counsel. DeMoss' petition in error was required to be filed with the state court of criminal appeals by April 17, 1992. Sometime between October 24 and April 17, DeMoss was provided appointed counsel through the state indigent defense system. The appellate indigent defender received the records and transcripts in DeMoss' case on April 17, but did not receive the order appointing that office as counsel. Once that problem was sorted out, on April 27, 1992, the appellate defender began efforts to obtain leave to file the petition in error out of time, which would result in the time for appeal starting anew. Those efforts resulted in an order on July 29, 1992, requiring DeMoss' petition in error to be filed sixty days after that date, with the parties' briefs due sixty days thereafter.
 
 
 4
 There is no indication in the papers before this court, other than the initial five-month delay, that DeMoss' direct appeal is not proceeding according to the above schedule. In Harris, to the contrary, the petitioner was sentenced on September 29, 1988, was granted a late appeal on May 18, 1989, and was told almost a year after that that his brief would not be filed for at least three more years. See 938 F.2d at 1064. We held there that this excessive and unjustified delay relieved the petitioner of his obligation to exhaust the very remedies he claimed were being unconstitutionally protracted. Id. at 1068-69. The instant circumstances, involving as they do a five-month delay, simply do not involve the " 'inordinate, excessive and inexcusable delay' " in the appellate process presented in Harris, id. at 1065. Accordingly, we conclude that DeMoss is required to exhaust his claim that the delay in his direct criminal appeal violated his constitutional rights.
 
 
 5
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 DeMoss originally filed his petition in the United States District Court for the Northern District of Oklahoma, which transferred the case to the Western District. DeMoss argues on appeal that the transfer was improper because the Western District is without jurisdiction to rule on cases asserting a Harris claim. DeMoss is mistaken. This court granted rehearing and amended the original order in Harris. See 938 F.2d at 1072-73. The order on rehearing makes clear that when a Harris-type case arises in the Northern, Eastern, or Western Districts, each district will review the petition accordingly